UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00242-MOC-DSC

| | |
|---|---|
| **D. LANE BAUCOM JR.,** | ) |
| Plaintiff, | ) |
| Vs. | ) ORDER |
| **DOALL COMPANY,** | ) |
| Defendant. | ) |

**THIS MATTER** is before the court on plaintiff's Motion for Default Judgment (#9) and defendant's Motion to Set Aside Clerk's Entry of Default (#12).[1]

Under Federal Rule Civil Procedure 55(c), a court may set aside an entry of default for good cause. In determining whether to set aside entry of default, the Court of Appeals for the Fourth Circuit, has clearly stated, as follows:

> 'an extensive line of decisions' has held that Federal Rule of Civil Procedure 55(c) must be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments.'

Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954 (4th Cir.1987) (citation omitted); see also Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Co., 383 F.2d 249, 251 (4th Cir.1967); Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811–12 (4th Cir.1988). Whether such a default should be set aside is in the sound discretion of the district court. Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir.1987).

---

1  Based on the pleadings, the court has determined that a Reply in support of the Motion to Set Aside is not necessary for decision.

1

Since Tolson v. Hodge, 411 F.2d 123 (4th Cir.1969), the Court of Appeals for the Fourth Circuit has consistently held that the civil rules should be construed liberally to set aside a default. All that need be shown to set aside entry of default under Rule 55(c) is good cause. Augusta Fiberglass Coatings, Inc., supra. Further, the Court of Appeals for the Fourth Circuit has warned that it has taken an increasingly liberal view of setting aside defaults. Id.

The Fourth Circuit has provided six factors to be considered when ruling on a motion to set aside an entry of default. When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic. Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 204–205 (4th Cir.2006) (citations omitted).

Having considered the six factors, the court finds that setting aside the default is appropriate even though the entry of default was clearly based on defendant's inattention to the process of this court. Nothing in this record, however, indicates that such inattention was accompanied by any ill-motive toward plaintiff or the judicial process; rather, the lack of a timely Answer appears tied to structural corporate changes that coincided with the timing of this lawsuit. While the court notes plaintiff's arguments as to the remaining factors, defendant's Answer and other pleadings indicate that it believes it has a meritorious defense and that issues remain for resolution by this court.

The court notes that on the same day defendant filed its Motion for Default Judgment, counsel for defendant entered her appearance. Such prompt action by defendant avoided a waste of judicial resources as the court anticipated that a Motion to Set Aside Default would be filed. Within a reasonable period of time, defendant did in fact file its Answer and Motion to Set Aside

Clerk's entry of default. Further, there is no showing that the brief delay (a matter of a few weeks) has caused plaintiff any irreparable harm.

Finally, a less drastic remedy is available, which is a possible award of costs/fees incurred in having to seek default and default judgment. If this matter is not resolved amicably, the court will consider an application for those costs after entry of judgment.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion for Default Judgment (#9) is **DENIED** and defendant's Motion to Set Aside Clerk's Entry of Default is **ALLOWED**, and the **DEFAULT** entered by the Clerk of Court is **SET ASIDE**. Having determined that good cause exists, defendant's **ANSWER** (#14) filed out-of-time is **DEEMED** timely filed *nunc pro tunc*.

Signed: July 5, 2017

Max O. Cogburn Jr.
United States District Judge