UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-242-MOC-DSC

| | | |
|---|---|---|
| **D. LANE BAUCOM, JR.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **DOALL COMPANY,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on plaintiff's Motion for Partial Summary Judgment. Having considered plaintiff's motion and reviewed the pleadings, the court enters the following Order.

**I.     Background**

Plaintiff was an owner and president of East Metro Supply, Inc. ("East Metro"), until defendant purchased that business on May 1, 2015. As part of that purchase, the parties entered into an Asset Purchase Agreement for the assets of East Metro, and an Employment Agreement ("the Agreement") with plaintiff. The parties executed the Agreement on May 4, 2015. The Agreement defined plaintiff's duties after the purchase was complete. Under the Agreement, defendant agreed to employ plaintiff as defendant's Manager of Business Development for a fixed period of five years, or through the end of April 2020. As part of the Agreement, plaintiff received an annual base salary of $82,464, a monthly car allowance of $550, cell phone and paid vacation costs, and standard group medical and insurance benefits.

After working for defendant for over a year, plaintiff's working relationship with defendant appears to have deteriorated, with plaintiff and defendant offering different reasons as to why. However, it is uncontested that defendant placed plaintiff on a Performance Improvement Plan ("PIP") on August 31, 2016. In December 2016, defendant terminated plaintiff's employment, claiming breach of the Agreement and the associated PIP. Plaintiff then filed suit against defendant on May 5, 2017 for breach of contract, FMLA retaliation, and ERISA retaliation; he also seeks a declaratory judgment to void restrictive covenants in the Agreement. Now, plaintiff seeks partial summary judgment on his breach of contract claim.

**II.     Legal Standard**

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it may affect the suit's outcome under governing law. Id. The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted). The burden then shifts to the nonmoving party. That party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in pleadings to defeat a motion for summary judgment. Id. at 324. Instead, that party must present sufficient evidence from

which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert Cnty., Md., 48 F.3d 810, 818 (4th Cir. 1995).

The Court views evidence and any inferences from evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). The question posed by summary judgment is whether the evidence "is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 252.

**III. Discussion**

Plaintiff argues that defendant had no right to terminate the Agreement, and that doing so constitutes breach of contract. Specifically, plaintiff argues that the Agreement could only be terminated by his death, disability, or for cause. As death and disability do not apply, that only leaves termination for cause and plaintiff contends defendant lacked any justifiable cause for firing him, as cause is defined by the Agreement as conviction of a felony, willful misconduct, breach of the "Confidentiality, Non-Compete and Nonsolicitation" provision of the Agreement, or a material breach of any other provision of the Agreement. Plaintiff contends that he was not convicted of a felony, he did not commit any willful misconduct, he did not breach the Confidentiality, Non-Compete and Nonsolicitation provision, and he did not breach any other provision of the Agreement. As such, plaintiff claims there is no dispute of material fact on the breach of contract issue and he should be awarded summary judgment on that issue.

In response, defendant argues that plaintiff was terminated for breaching material terms of the Agreement, in failing to use his best efforts in performing services for defendant, failing to

-3-

perform such services and duties as may be assigned to him, and failing to fully and promptly comply with the various policies, procedures and rules governing employees. Defendant contends that these are all material terms of the Agreement, and breach of any one of them would be sufficient cause for terminating plaintiff's employment. Defendant also argues that these and related failures formed the basis for implementation of the PIP, and that plaintiff's failure to improve while on the PIP provided another cause for termination.

Where breach of contract is concerned, "[t]he elements of a claim for breach of contract are (1) existence of a valid contract and (2) breach of the terms of that contract." McKinnon v. CV Indus., Inc., 213 N.C.App. 328, 333 (2011). For breach of contract to be actionable, it must be a material breach of said contract. Supplee v. Miller-Motte Bus. Coll., Inc., 239 N.C.App. 208, 220 (2015). A material breach is one that "goes to the heart of the contract" or one that is "an essential part of the bargain"; in other words, it is "an indispensable part of what both parties intended that the contract would not have been made with the covenant omitted." Olympus Managed Health Care, Inc. v. Am. Housecall Physicians, Inc., 853 F. Supp. 2d 559, 570-71 (W.D.N.C. 2012) (quoting Wilson v. Wilson, 261 N.C. 40, 43 (1964)). Whether an alleged breach is material is a question of fact for the jury. Supplee, 239 N.C.App. at 220; Boyd v. TIAA-CREF Individual & Institutional Servs., LLC, 2017 U.S. Dist. LEXIS 152560, at *9 (W.D.N.C. Sept. 20, 2017).

Here, after reviewing the record, the court finds questions of material fact remain for a jury to decide. The court notes that there is no dispute over the existence of a valid contract; the dispute concerns whether the Agreement was breached. McKinnon, 213 N.C.App. at 333. However, such dispute cannot be resolved at the summary judgment stage. Where plaintiff says

he performed work to defendant's satisfaction, defendant offers affidavits stating that plaintiff did not comply with the most basic functions of a salesperson or account manager and that he failed to carry out various job tasks and duties. Where plaintiff argues that the PIP is an invalid basis for termination since valuable consideration was not offered in exchange, defendant points out that the Agreement explicitly states that it may be modified with written consent from both parties, and that plaintiff himself signed off on the PIP. Where plaintiff says he was improperly terminated due to medical leave instead of performance, defendant points to dismal sales and account numbers that demonstrate a violation of the Agreement's requirement that plaintiff use his best efforts in carrying out services for defendant. Where plaintiff says defendant breached the Agreement by failing to give him written notice of his termination pursuant to the Asset Purchase Agreement, defendant counters that the Agreement itself contains absolutely no written notice requirements and that the Asset Purchase Agreement's clauses are not material.

The court need not delve further into these issues, as even on the surface these disputes render summary judgment impossible. If defendant offered only speculation or conclusory allegations in opposition to plaintiff's motion, that would be one thing. But the opposite is true; defendant offers what is likely admissible and probative evidence in opposition to plaintiff's version of events, in the form of affidavits and their own interpretation of what constitute the material elements of the Agreement. Materiality is a question of fact for the jury, and the court cannot find at this stage that no reasonable jury could find for defendant based on the proffered evidence. Supplee, 239 N.C.App. at 220; Boyd, 2017 U.S. Dist. LEXIS 152560 at *9. As such, the court will deny plaintiff's motion.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Partial Motion for Summary Judgment (#39) is **DENIED**.

Signed: August 6, 2018

Max O. Cogburn Jr.
United States District Judge