**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO: 3:17-cv-00242-MOC-DSC**

| | |
|---|---|
| D. LANE BAUCOM, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| DoALL COMPANY, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant's Emergency Motion for Stay of Execution on the Judgment and to Approve the Form and Amount of Security (Doc. No. 105). Having considered the matter, the Court enters the following Order.

On February 22, 2019, after a trial, a jury found that Defendant breached its employment agreement with Plaintiff by prematurely terminating his employment. (Doc. No. 83). The jury likewise found that Plaintiff suffered $258,444.01 in damages, and the Court entered a judgment in accordance with that finding. (Doc. No. 86). Subsequently, the Court amended its judgment, awarding Plaintiff $502.89 in court costs, $46,845.63 in pre-judgment interest, and 2.534% post-judgment interest from March 14, 2019 until the judgment is fully paid. (Doc. No. 99). Defendant filed a Notice of Appeal to the United States Court of Appeals for the Fourth Circuit on August 14, 2019 but did not post a surety bond with the district court. (Doc. No. 100).

On October 28, 2019, Plaintiff caused a writ of execution to be issued for $309,900.88. (Doc. No. 106). After the U.S. Marshals levied Defendant's bank account but before Plaintiff obtained the funds, Defendant filed this emergency motion, seeking to stay the execution of judgment so that it could post security while the case was on appeal. (Doc. No. 105). After a

telephone conference, this Court temporarily stayed the execution, ordering the Marshals to hold the levied funds pending further disposition by the Court. (Doc. No. 107).

Federal Rule of Civil Procedure 62(b) provides, that "any time after a judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." This rule exists "to preserve the status quo while protecting the non appealing party's rights pending appeal." Denver Glob. Prod., Inc. v. Leon, No. 5:17-CV-102, 2019 WL 2057277, at *2 (W.D.N.C. May 9, 2019). Rule 62(b) affords the Court discretion to set the amount of bond, but usually, the amount set is "an amount that will permit full satisfaction of the judgment together with costs and interests." Barranco v. 3D Sys. Corp., No. 3:14-CV-188, 2017 WL 3174948, at *1 (W.D.N.C. July 26, 2017) (quoting Van Pelt v. UBS Fin. Servs., No. 3:05-CV-477, 2007 WL 3224747, at *1 (W.D.N.C. Oct. 29, 2007)).

District courts are divided on whether a Rule 62(b) stay can be issued retroactively. See Newburgh/Six Mile Ltd. P'ship II v. Adlabs Films USA, Inc., No. 09-CV-11067, 2010 WL 3582542, at *3 (E.D. Mich. Sept. 10, 2010). Courts holding in the affirmative recognize that a retroactive stay furthers Rule 62(b)'s intention of preserving the status quo. See Thunder Mountain Custom Cycles, Inc. v. Thiessen Prod., Inc., No. 06-CV-2527, 2008 WL 5412469, at *4 (D. Colo. Dec. 24, 2008). But as Plaintiff concedes, even those courts holding in the negative recognize that they have "general equitable powers" to issue a retroactive stay. (Doc. No. 113 at 10).

Regardless of the source of authority, the Court finds that a retroactive stay is warranted here for several reasons. First, allowing Defendant to post security will prevent undue hardship caused by the "the sometimes impossible task of recouping transferred assets if there is a reversal on appeal." Fairlane Car Wash, Inc. v. Knight Enters., Inc., No. 07-CV-10165, 2009 WL 2447616,

2

at *3 (E.D. Mich. Aug. 6, 2009); see Ascher v. Gutierrez, 66 F.R.D. 548, 549 (D.D.C. 1975). Second, security likewise "guarantee[s] payment of the judgment [to Plaintiff] in the event Defendant is not successful." Ascher, 66 F.R.D. at 549. Third, a stay "saves both parties the time and expense of exchanging funds, and the possibility of doing so again depending on the decision by the Court of Appeals." Fed. Nat. Mortg. Ass'n v. Royal Manor Apartments, LLC., No. 13-CV-12441, 2014 WL 4895638, at *2 (E.D. Mich. Sept. 30, 2014). And finally, based upon defense counsel's affidavit (Doc. No. 114), the Court finds Defendant has not unduly delayed its appeal. See Thunder Mountain Custom Cycles, 2008 WL 5412469, at *4.

Accordingly, the Court will grant Defendant's request to stay the execution and order the already-levied funds to be deposited with the Clerk of Court as a cash bond staying the execution. Furthermore, to ensure the security is sufficient to "permit full satisfaction of the judgment together with costs and interests," Barranco 2017 WL 3174948, at *1 (emphasis added), the Court will also order Defendant to post a supersedeas bond in the amount of $10,099.12 with the Clerk of Court within fourteen days to cover any additional post-judgment interest that may accrue during the pendency of the appeal. If Defendant fails to timely post the bond, this stay will lift, and Plaintiff may proceed with executing the judgment.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's Emergency Motion for Stay of Execution on the Judgment and to Approve the Form and Amount of Security (Doc. No. 105) is **GRANTED**. Pursuant to Federal Rule of Civil Procedure 62(b) and the Court's general equitable powers, the Court **ORDERS** the levied funds be deposited with the Clerk of Court as a cash bond staying execution of the judgment pending resolution of Defendant's appeal.

**IT IS FURTHER ORDERED** that Defendant **SHALL** post an additional supersedeas bond in the amount of **$10,099.12** with the Clerk of Court. If the supersedeas bond is not posted within **fourteen days (14)** of this Order, this stay will lift, and Plaintiff may proceed with executing the judgment.

Signed: December 3, 2019

Max O. Cogburn Jr
United States District Judge